UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS GARCIA,

                Plaintiff,

    -v-

THE CITY OF NEW YORK,
NYC POLICE DEPARTMENT,
LAURENCE AUREANO,
MADELYN ULERIO,
JOHN DOE 1-3,

                Defendants.
------------------------------------------------------------X

**COMPLAINT**

**Jury Trial**

    The Plaintiff Luis Garcia by Robert Blossner, Esq., and Vik Pawar, Esq., of Vik Pawar Law, PLLC, his attorneys complaining of the defendants respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiffs Fofana Cheickne and Awa Ngam (hereinafter "plaintiff") is a resident of the City and State of New York.

2. Defendant City of New York ("CITY") is a Municipal Corporation that oversees the New York Police Department (NYPD).

3. That at all times hereinafter mentioned, the Defendant NEW YORK CITY POLICE DEPARTMENT operates the NYPD is a "non-suable" entity and is named as a nominal defendant.

4. That at all times herein mentioned, the individual Defendants and JOHN DOE # 1-3 whose names are currently unknown to the Plaintiff were/are employees of the Defendant City. They are referred to as "individual defendants."

## CONDITIONS PRECEDENT

5. That prior to the commencement of this action the Plaintiffs duly filed with defendant CITY Notices of Claim setting forth the time, when and place where the incident which is the subject of the instant lawsuit occurred, the nature and extent of the injuries and damages sustained and the amount claimed therefore.

6. Such claim was presented within ninety (90) days after the causes of action herein accrued.

## THE FACTS

7. Plaintiff was in the vicinity of Washington Heights on July 12, 2021.

8. Plaintiff worked as a food delivery person.

9. Plaintiff used his bike for his employment.

10. Plaintiff called 911 because his bike was being stolen.

11. However, when the defendants arrived, they arrested plaintiff and charged him with various false crimes.

12. The defendants also used excessive force in arresting plaintiff causing him to suffer a broken finger which required hospitalization.

13. After appearing in court several times, the charges against the plaintiff were dismissed in his favor.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Malicious prosecution/Denial of Fair Trial and Excessive Force)

14. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

15. The individual Defendants made false claims to the prosecuting and detention

authorities as to plaintiff which caused Plaintiff to be arrested, detained and prosecuted.

16. The individual Defendants knew, or had reason to know at the time that they made them that by making those false claims and allegations that they would be utilized and aid in the prosecution of Plaintiff.

17. That the individual Defendants knew that their statements and the documents they had prepared would be forwarded to the district attorney's office and plaintiff would be prosecuted.

18. The individual Defendants made such false accusations in an effort to cover up their own failures and shortcomings and thus make Plaintiff a scapegoat for their own failures

19. That the individual Defendant's false accusations and efforts as stated in paragraph above illustrates the Defendants' malice in making such false accusations.

20. All of the criminal charges against the plaintiff were dismissed in his favor.

21. The individual defendants also employed excessive force in arresting plaintiff.

22. As a result of the Individual Defendants' conduct Plaintiff suffered constitutional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

25. The aforementioned conduct was committed by the individual Defendants while acting within the scope of their employment by Defendant City.

26. The aforementioned conduct was committed by individual Defendants while acting in furtherance of their employment by Defendant City.

27. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

28. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with the concomitant anguish, embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A THIRD CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

31. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

32. As a result, plaintiff suffered injuries as described above.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34. Defendant City owed a duty to individuals like plaintiff.

35. Defendant City breached its duty when individual Defendants engaged in and participated in the violation of Plaintiff's rights.

36. As a result, plaintiff suffered injuries.

37. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

### AS AND FOR A FIFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiff's irreparable physical and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
July 13, 2023

Vik Pawar, Esq.
20 Vesey Street, Suite 1410
New York, New York 10007
(212) 571-0805

By: *Vik Pawar* VP9101