UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
LUIS GARCIA,

                Plaintiff,

    -v-

THE CITY OF NEW YORK,
JOSEPH PAOLINI,
MADELYN ULERIO,
JOHN DOES 1-3

                Defendants.
---------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**Jury Trial**

23 CV 6174 (PKC)

The Plaintiff Luis Garcia by Robert Blossner, Esq., and Vik Pawar, Esq., of Vik Pawar Law, PLLC, his attorneys complaining of the defendants respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff Luis Garcia is a resident of the City and State of New York.

2. Defendant City of New York ("CITY") is a Municipal Corporation that oversees the New York Police Department (NYPD).

3. That at all times herein mentioned, the individual Defendants and JOHN DOE # 1-3 whose names are currently unknown to the Plaintiff were/are employees of the Defendant City. They are referred to as "individual defendants."

## CONDITIONS PRECEDENT

4. That prior to the commencement of this action the Plaintiff duly filed with defendant

CITY Notices of Claim setting forth the time, when and place where the incident which is the subject of the instant lawsuit occurred, the nature and extent of the injuries and damages sustained and the amount claimed thereof.

5. Such claim was presented within ninety (90) days after the causes of action herein accrued and the City did not settle the claim. This action was commenced within time.

## THE FACTS

6. Plaintiff was in the vicinity of Washington Heights on July 12, 2021.

7. Plaintiff worked as a food delivery person for a nearby restaurant and was working on the above date.

8. Plaintiff used his bike for his employment.

9. Plaintiff flagged down the individual defendants because someone stole his bike.

10. The individual defendants arrived on the scene and refused to take plaintiff's complaint about his stolen bike.

11. Defendant Ulerio spoke to plaintiff in Spanish in a condescending manner and referred to plaintiff and "his people as bunch of rats ruining the City."

12. Both defendants ignored plaintiff's pleas and when he voiced his opposition to their treatment of him (abuse language, taunting and dismissal of his pleas), he was placed under arrest.

13. Non-party witnesses including the manager and owner of the restaurant that plaintiff worked at and a nearby bodega owner's mother informed the defendants that the person who complained about plaintiff was a crazy person always high on drugs and that plaintiff had done nothing wrong.

14. However, defendant Ulerio took exception to plaintiff complaining about the harsh

2

language and treatment by Ulerio, and she proceeded to grab plaintiff's arm violently behind his back, broke his finger in the process, and yanked the hands together behind plaintiff's back as he screamed in pain and tightly handcuffed him.

15. The individual defendants then falsely drafted arrest paperwork that stated that plaintiff was in possession of a "deadly weapon."

16. The defendants then forwarded the fabricated arrest paperwork to the District Attorney's (DA) office knowing full well that plaintiff would be prosecuted.

17. The individual defendants failed to inform the DA's office of the witnesses' statements that plaintiff had committed no crime.

18. The defendants failed to retract the false paperwork and failed to inform the DA about exculpatory evidence and it caused plaintiff to be prosecuted.

19. After plaintiff made numerous appearances to the DA's office, the charges against plaintiff were dismissed.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Retaliation/First Amendment Violation against Ulerio)

20. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

21. Ulerio used derogatory language against plaintiff and "his people" and treated him as sub-human.

22. Plaintiff protested the use of such language because he was the person who called the police and did not expect this type of discriminatory treatment.

23. As retaliation for plaintiff freely speaking his mind, he was arrested.

24. Plaintiff engaged in protected conduct.

25. Ulerio arrested plaintiff because of his speech and to stop plaintiff from exercising his first amendment rights.

26. As a result of Ulerio's conduct, plaintiff was subjected to retaliation by way of arrest for speaking his mind and his constitutional rights were violated.

## AS AND FOR THE SECOND CAUSE OF ACTION
(False Arrest/Unlawful imprisonment)

27. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

28. Defendants arrested plaintiff without probable cause.

29. Even if probable cause existed, defendants ignored evidence that showed that plaintiff was a victim and not a perpetrator.

30. Defendants exercised poor judgment when they ignored exculpatory evidence and still arrested plaintiff and charged him with serious crimes.

31. As a result of defendants' conduct plaintiff was falsely arrested.

## AS AND FOR THE THIRD CAUSE OF ACTION
(Malicious Prosecution/Abuse of Process)

32. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

33. Defendants arrested plaintiff and forwarded papers to the DA's office which contained false and serious criminal charges against plaintiff.

34. Even if probable cause existed for plaintiff's arrest, there was no probable cause for the maliciously transmitting false and inaccurate information to the DA's office.

35. Defendants failed to retract the falsified paperwork which led the DA's office to continue and pursue the charges against plaintiff.

36. Plaintiff had to appear in court on numerous occasion to address the false charges filed against him by the defendants.

37. Eventually the false charges against plaintiff were dismissed in his favor.

38. As a result of defendants' falsified paperwork, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

39. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

40. The individual Defendants made false claims to the prosecuting and detention authorities as to plaintiff which caused Plaintiff to be arrested, detained and prosecuted.

41. The defendants hid evidence from the DA's office.

42. The defendants failed to inform the DA about the witnesses who said that plaintiff had not done anything wrong.

43. Essentially defendants fabricated evidence and hid evidence that exonerated plaintiff to deny him the right to a fair trial.

44. As a result plaintiff suffered injuries.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(Excessive Force/Assault and Battery)

45. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

46. Ulerio used excessive force against plaintiff.

47. Plaintiff was not resisting.

48. Yet, Ulerio, touched plaintiff in an offensive manner, yanked his hands behind his back, broke one of his fingers and hurt both his arms while unnecessarily tightening the cuffs on him. All the while plaintiff was fully complying.

49. Her conduct caused plaintiff to suffer physical injuries in the form of a permanent broken finger that prevents him from being fully employed and causes pain during the cold weather.

50. As a result of Ulerio's conduct, plaintiff suffered and continues to suffer from the excessive and unnecessary force used by Ulerio

### AS AND FOR THE SIXTH CAUSE OF ACTION
(Failure to Intervene against Paolino)

51. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

52. Paolino was present during the entire interaction between Ulerio and plaintiff.

53. Paolino witnessed the constitutional violations that Ulerio engaged in against plaintiff as identified in the foregoing causes of action.

54. Paolino had the time, means and the opportunity to step in to stop further violations of plaintiff's civil rights.

55. Despite being able to, Paolino simply stood there as another officer engaged in unlawful and unconstitutional conduct.

56. As a result of Paolino's inactions, and failure to intervene, plaintiff suffered harm.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

59. The aforementioned conduct was committed by the individual Defendants while acting within the scope of their employment by Defendant City.

60. The aforementioned conduct was committed by individual Defendants while acting in furtherance of their employment by Defendant City.

61. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

62. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with the concomitant anguish, embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

65. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

66. As a result, plaintiff suffered injuries as described above.

### AS AND FOR A NINETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. Defendant City owed a duty to individuals like plaintiff.

69. Defendant City breached its duty when individual Defendants engaged in and participated in the violation of Plaintiff's rights.

70. As a result, plaintiff suffered injuries.

71. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

## AS AND FOR A TENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiff's irreparable physical and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) for constitutional and state law injuries as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       March 14, 2024

Vik Pawar, Esq.
20 Vesey Street, Suite 1410
New York, New York 10007
(212) 571-0805
By: _____
Vik Pawar (VP9101)