

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JESSICA OCHOA
*Assistant Corporation Counsel*
Phone: (212) 356-3159
Fax: (212) 356-3509
Email: jochoa@law.nyc.gov

March 27, 2025

**BY ECF**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Luis Garcia v. The City of New York, et al.</u>
23-CV-6174 (PKC)

Your Honor:

> *Handwritten endorsement:* The Court orders plaintiff to produce all non-privileged, non-work product documents and other things responsive to defendants request to produce by April 14. Any document as to which a privilege is claimed shall be logged in accordance with Local Civil Rule 26.2. Interrogatories need not be responded to. Fact discovery is extended to April 25, 2025. SO ORDERED. /s/ [signature] USDJ 3-31-25

       I am an Assistant Corporation Counsel of the New York City Law Department and the attorney representing the City of New York and Defendants Madelyn Ulerio and Joseph Paolini in this matter. I write on behalf of defendants to respectfully request that the Court: (1) compel Plaintiff to produce discovery responses within two weeks; and (2) warn Plaintiff that the Court will dismiss the complaint for failure to prosecute the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure should Plaintiff fail to produce discovery responses.

       By way of background, on July 18, 2023, Plaintiff filed the instant matter alleging, inter alia, denial of a right to a fair trial, malicious prosecution, false arrest, and excessive force, and various state law claims. *See* ECF No. 1. On November 11, 2024, the parties attended an initial pretrial conference before the Court. Prior to the conference, the parties submitted a proposed Case Management Plan. *See* ECF No. 40. On November 26, 2024, the Court endorsed the Case Management Plan and ordered that fact discovery close on March 22, 2025. *See* ECF No. 42.

       On January 24, 2025, Defendants served their initial requests for production of documents and interrogatories as ordered in the Case Management Plan. Defendants also served a Notice of Deposition for Plaintiff.[1] The parties conferred, and Plaintiff's deposition was scheduled for March 3, 2025, via remote means so as to comply with the Case Management Plan. On March 2,

---

[1] Plaintiff did not and has not served any discovery requests or notices of deposition on Defendants. The deadline for initial discovery requests was January 24, 2025.

2025, Plaintiff's counsel notified Defendants that he was ill and would not be able to attend the deposition. On March 3, 2025, Defendants file a Motion for Extension of Time to Complete Discovery in order to complete Plaintiff's deposition. *See* ECF No. 46. On March 6, 2025, the Court granted Defendants' Motion and the deadline to complete all fact discovery was extended to April 19, 2025. *See* ECF No. 47.

Plaintiff's responses to Defendants' discovery requests were due on February 24, 2025. Plaintiff did not produce his responses. On March 3, 2025, Defendants emailed Plaintiff's counsel and reminded counsel that the deadline for Plaintiff's responses had passed and asked if more time was needed. Plaintiff's counsel indicated that Plaintiff would need an additional two weeks. Defendants consented to the extension and the parties agreed that Plaintiff's discovery responses would be due on March 17, 2025. Plaintiff did not produce his discovery responses by the new deadline.

On March 18, 2025, Defendants emailed Plaintiff's counsel and once again reminded counsel that Plaintiff had missed the new deadline for his responses. Defendants also inquired as to Plaintiff's availability to be deposed on April 8, 2025. Plaintiff's counsel responded that Plaintiff would be available to be deposed on April 8, 2025, and that he would provide responses "before that" but that "all information has already been exchanged as part of the 1983 Plan." To date, Plaintiff has only produced a scan of urgent care discharge instructions.

Defendants therefore respectfully request that the Court compel Plaintiff respond to Defendants' discovery requests within two weeks. Rule 26(b)(1) of the Federal Rules of Civil Procedure states that a party may discover "any non-privileged matter that is relevant to any party's claim or defense…" FED. R. CIV. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Cohen v. City of New York, No. 05 CV 6780 (RJS) (JCF), 2010 U.S. Dist. LEXIS 44762 at *6, (S.D.N.Y. 2010) (quoting Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." Id. at *6-7; see also Melendez v. Greiner, No. 01 CV 7888 (SAS) (DF), 2003 U.S. Dist. LEXIS 19084, at *1 (S.D.N.Y. Oct. 23, 2003) ("[W]here a party resists discovery of certain information, the burden is on that party to clarify and explain precisely why its objections are proper"). Generally, discovery is only limited when "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege." Melendez, 2003 U.S. Dist. LEXIS 19084, at *1 (quoting In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992)).

Defendants respectfully submit that Plaintiff's discovery is crucial regarding both the merits of plaintiff's claims and his purported damages. Defendants' discovery requests seek to clarify and expand information set forth in the complaint, including seeking information on witnesses, the exact nature of plaintiff's allegations, medical history, and further relevant information. Given that Plaintiff has failed to respond to Defendants' discovery requests by the deadline twice, the Court should compel plaintiff to respond or otherwise show cause as to why he failed to respond by the relevant deadlines.

Moreover, Defendants respectfully request that the Court warn Plaintiff that it may dismiss the complaint pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure should plaintiff fail to appear. Rule 37(b)(2)(A) states that where a party fails to obey a court order to provide or permit discovery, the court may "dismiss the action in whole or in part." FED. R. CIV.

P. 37(b)(2)(A)(v); see also Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37). Additionally, Rule 41(b) states that if a plaintiff fails to prosecute or comply with the Federal Rules or a Court order, a defendant may move to dismiss the action. FED. R. CIV. P. 41(b). Indeed, under Rule 41(b), "[a] plaintiff's lack of diligence alone is enough for dismissal." West v. New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990). A plaintiff's failure to comply with discovery can warrant dismissal under Rule 41(b). Chalasani, 2011 U.S. Dist. LEXIS 89572, at *29; see also Culton v. N.Y. State Dep't of Corr. Servs., 299 F. App'x 96, 97 (2d Cir. 2008) (summary order) (affirming dismissal of lawsuit for failure to prosecute based on the plaintiff's failure to attend pretrial conferences and failure to comply with discovery requirements). Therefore, should plaintiff continue to fail to respond to Defendants' discovery requests, the Court should dismiss the complaint pursuant to Rules 37(b) and 41(b).

Accordingly, Defendants respectfully request that the Court: (1) compel Plaintiff respond to Defendants' discovery requests within two weeks; and (2) warn plaintiff that the Court will dismiss the complaint for failure to prosecute the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure should plaintiff fail to respond by the new deadline.

Defendants thank the Court for its time and consideration of these requests.

Respectfully submitted,

/s/ *Jessica M. Ochoa*
Jessica Ochoa
*Assistant Corporation Counsel*

Cc: Vik Pawar, Esq.
*Counsel for Plaintiff*